UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LESKINEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0453-TLN-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

  Presently pending before the court is a motion to dismiss filed by defendants United States Department of Agriculture ("USDA"), Sonny Perdue, Christine Messer, and Curt Stock. (ECF No. 11.) Plaintiff Laura Leskinen, proceeding without counsel, opposed the motion (ECF No. 14), and defendants filed a reply brief. (ECF No. 17.)[1] Also pending before the court is plaintiff's motion for preliminary relief. (ECF No. 13.)

  For the reasons discussed below, the court RECOMMENDS that defendants' motion to dismiss be GRANTED IN PART and plaintiff's motion for preliminary relief be DENIED.

---

[1] The motion was submitted for decision without oral argument on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 18.)

1

BRIEF BACKGROUND FACTS[2]

The background factual allegations are taken from plaintiff's original complaint. (See ECF No. 1.) Around May 18, 2016, plaintiff started working as a student trainee (GS-5 level) for the National Agricultural Statistical Service ("NASS"), a federal agency within the USDA, in its Pacific Regional Office in Sacramento, California. According to plaintiff, she had reached a pre-employment agreement with USDA/NASS that she would be non-competitively converted to a permanent GS-7 level position after successfully performing in her intern position and completing 640 hours of work.

Within two weeks of starting employment, plaintiff allegedly became the subject of *quid pro quo* sexual harassment by her immediate supervisor, NASS Deputy Director Curt Stock, which she resisted. Plaintiff also purportedly experienced harassment, sexual and non-sexual, by several other NASS employees, creating a hostile work environment. Plaintiff alleges that despite receiving a fully successful rating on her performance review and completing the 640 hours of work, Stock and NASS Director, Christine Messer, fraudulently conspired and failed to uphold the pre-employment agreement to convert plaintiff to a permanent GS-7 level position.

Around December 12, 2016, plaintiff left a memo on Messer's desk outlining various purportedly hostile and sexually harassing actions by Stock. The next day, on December 13, 2016, plaintiff was terminated by Messer and Stock. The reason provided for plaintiff's termination was that plaintiff had dropped a college class causing her to fall below a half-time course load ostensibly required by the Pathways student intern program. However, according to plaintiff, she had previously received approval to drop the class from USDA human resources staff. Therefore, plaintiff contends that her termination was actually motivated by retaliation for having lodged a complaint regarding the alleged sexual harassment.

Plaintiff's complaint asserts claims for: (1) violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16; (2) violation of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981; and (3) common law fraud.

---

[2] The court does not recount plaintiff's factual allegations in great detail, but only sets forth those factual allegations that are necessary to the resolution of the instant motions.

## DISCUSSION

### Motion to Dismiss

Defendants initially moved to dismiss the action without prejudice for failure to effectuate service of process. However, since the filing of defendants' motion, plaintiff has effectuated service of process, and defendants withdrew that portion of the motion in their reply brief. (See ECF No. 17 at 2.) Therefore, the court proceeds to analyze the arguments with respect to plaintiff's substantive claims.

Defendants contend that plaintiff's Title VII claim for sexual harassment and retaliation should be dismissed as to defendants USDA, Messer, and Stock. That argument has merit. Title VII is an "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976). Under Title VII, claims of discrimination and retaliation in federal employment may only be brought against the "head of the department, agency or unit" in his or her official capacity. See 42 U.S.C. § 2000e-16(c); see also Holly D. v. Cal. Inst. Of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."). Here, the only proper defendant for plaintiff's Title VII claim is Sonny Perdue, in his official capacity as the Secretary of the USDA. As such, plaintiff's Title VII claim against defendants USDA, Messer, and Stock should be dismissed with prejudice.

Defendants also correctly contend that plaintiff's claim under Title I of the Civil Rights Act of 1991 must be dismissed, because it does not create a standalone cause of action. See Thompson v. N. Am Terrazzo, Inc., 2014 WL 2048188, at *1 (W.D. Wash. May 19, 2014) (observing that "Title I of the 1991 Civil Rights Act does not create a substantive right and is not a basis for an independent claim apart from Title VII"). Plaintiff's opposition concedes that there is no separate cause of action under Title I, and that it was merely referenced as a "companion" to her claim under Title VII. (ECF No. 14 at 5.) Therefore, plaintiff's claim under Title I of the Civil Rights Act of 1991 should be dismissed with prejudice.

Finally, defendants persuasively argue that plaintiff's common law fraud claim against Messer and Stock should be dismissed for lack of subject matter jurisdiction. The Federal Tort

Claims Act ("FTCA") "is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998). Although plaintiff appears to argue that she is suing Messer and Stock as individuals who are subject to California law, the actions complained of plainly occurred in the scope of their federal employment, and therefore the FTCA applies. Even if the court were inclined to grant leave to amend to name the United States as a defendant with respect to the fraud claim, two fundamental problems remain. First, plaintiff has not first presented an administrative tort claim to the USDA, a prerequisite to this court's jurisdiction over a FTCA claim. 28 U.S.C. § 2675(a); Shipek v. United States, 752 F.2d 1352, 1353 (9th Cir. 1985). Second, even if plaintiff had properly presented an administrative tort claim, her fraud claim would be barred by the FTCA's misrepresentation exception. See 28 U.S.C. § 2680(h); Owyhee Grazing Ass'n v. Field, 637 F.2d 694, 697 (9th Cir. 1981) ("claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. s 2680(h)").

Consequently, all of plaintiff's claims should be dismissed without leave to amend, except that plaintiff's Title VII claim should be allowed to proceed against defendant Sonny Perdue, in his official capacity as the Secretary of the USDA.

Motion for Preliminary Relief

Along with her opposition to the motion to dismiss, plaintiff also filed a motion for preliminary relief, seeking a preliminary award of back pay and salary during the pendency of this action. (ECF No. 13.) Plaintiff essentially relies on the allegations of her complaint, as well as a declaration setting forth her various financial difficulties and health impairments.

Plaintiff's requested relief is akin to a preliminary injunction requiring payment of her back pay, salary, and other benefits while this lawsuit proceeds. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20.

4

"Under the sliding scale approach…the elements…are balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (preliminary injunction appropriate when a moving party demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in the [moving party's] favor," assuming other Winter elements are also met). However, "'at an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.'" Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2008) (quoting Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). Where a party has not shown likelihood of success on the merits, or at least the existence of serious questions going to the merits, the court need not address the remaining Winter elements. See Pimentel, 670 F.3d at 1111.

Here, the present record does not allow the court to make any determination regarding the likelihood of success on the merits.[3] Even though the court finds that plaintiff's Title VII claim against defendant Sonny Perdue, in his official capacity as the Secretary of the USDA, may proceed as pled, that conclusion is based solely on plaintiff's allegations in her complaint. Mere allegations are insufficient to show a likelihood of success on the merits. Indeed, although the court makes no determination regarding the issue here, plaintiff's complaint also acknowledges that defendants informed plaintiff that she was terminated because she had dropped a college class causing her to fall below a half-time course load required by the Pathways student intern program. Where a party has not shown likelihood of success on the merits, or at least the existence of serious questions going to the merits, the court need not address the remaining Winter elements. See Pimentel, 670 F.3d at 1111.

Accordingly, the court recommends that plaintiff's motion for preliminary relief be denied.

////

---

[3] Because plaintiff's motion does not make a sufficient showing to grant the requested preliminary relief, the court finds it unnecessary to consider any opposition by defendants.

<u>Plaintiff's Request for Formal Censure of Defendants' Counsel</u>

Plaintiff requests that the court censure or sanction defendants' counsel, because he purportedly libeled plaintiff through his promotion of falsehoods, errors, and omissions. Having carefully reviewed the record, the court finds no basis for formal censure or sanctions, and thus denies plaintiff's request.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 11) be GRANTED IN PART.
2. All claims and defendants be DISMISSED WITHOUT LEAVE TO AMEND, except that plaintiff's Title VII claim against defendant Sonny Perdue, in his official capacity as the Secretary of the USDA, be permitted to proceed.
3. Defendant Perdue be required to answer the complaint as narrowed within 21 days of any order adopting these recommendations, assuming that they are adopted.
4. Plaintiff's motion for preliminary relief (ECF No. 13) be DENIED.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that:

1. The July 5, 2018 hearing on plaintiff's motion for preliminary relief is VACATED.
2. Plaintiff's request for formal censure of defendants' counsel is DENIED.
3. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE