UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LESKINEN,<br><br>    Plaintiff,<br><br>    v.<br><br>SONNY PERDUE, Secretary of the United States Department of Agriculture,<br><br>    Defendant. | No. 2:18-cv-00453-TLN-KJN<br><br>**ORDER** |

    This matter is before the Court pursuant to Plaintiff Laura Leskinen's ("Plaintiff") Motion for Reconsideration. (ECF No. 29.) Defendant Sonny Perdue ("Defendant") filed an opposition. (ECF No. 34.) The Court has carefully considered the parties' arguments. For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2018, the magistrate judge filed findings and recommendations ("F & R"), which recommended dismissing Plaintiff's second and third causes of action based on Title I and common law fraud. (ECF No. 20 at 3–4.) Because Plaintiff's sole remaining claim under Title VII could only be asserted against Defendant in his official capacity, the F & R recommended dismissing all other Defendants. (ECF No. 20 at 3–4.) The F & R further recommended denying Plaintiff's motion for preliminary injunction. (ECF No. 20 at 5.)

On June 27, 2018, Plaintiff filed objections to the F & R (ECF No. 22), and on July 13, 2018, Defendants filed a response to those objections (ECF No. 23). On September 14, 2018, this Court adopted the F & R in full. (ECF No. 28.) In that order, this Court made clear that it reviewed de novo those portions of the F & R to which objections were made. (ECF No. 28 at 1.)

On September 24, 2018, Plaintiff brought the instant motion seeking reconsideration of the Court's September 14, 2018 order. (ECF No. 29.)

## II. STANDARDS OF LAW

Before reconsideration may be granted, there must be a change in the controlling law, facts, or other circumstances, the need to correct a clear error, or the need to prevent manifest injustice. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). As with motions to alter or amend a judgment made pursuant to Federal Rule of Civil Procedure 59(a), motions to reconsider are not vehicles permitting an unsuccessful party to "rehash" arguments previously presented. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998) ("A motion for reconsideration should not be used to ask the court to rethink what the court has already thought through—rightly or wrongly") (omitting internal citations and quotation marks). Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling. Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Fay Corp. v. BAT Holdings One, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd 896 F.2d 1227 (9th Cir. 1990).

///

///

### III. ANALYSIS

Plaintiff requests this Court: (1) invalidate the magistrate judge's dismissal and reverse this Court's denial of Plaintiff's motion for preliminary injunction and grant the injunctive relief; (2) reverse this Court's order dismissing Plaintiff's Title I claim; and (3) remove the magistrate judge from this case. (ECF No. 29.) Defendant, in opposition to Plaintiff's motion for reconsideration, argues that Plaintiff's motion should be denied because Plaintiff has not presented new facts or circumstances to warrant reconsideration or the disqualification of the magistrate judge. (ECF No. 34.)

In what appears to be an attempt to relitigate her request for injunctive relief, Plaintiff first argues that the affidavits and declaration submitted with Defendant's response to Plaintiff's objections are hearsay, and thus inadmissible, or alternatively, incorrect and should be disregarded and/or corrected.[1] (ECF No. 29 at 13–18.) However, "the rules of evidence do not apply strictly to preliminary injunction proceedings." *Mahon v. Morton Golf, LLC*, No. 14-2972, 2017 WL 1351070, at *2 n.2 (E.D. Cal. Apr. 6, 2017) (quoting *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013). Further, to the extent Plaintiff is arguing the declaration and affidavits qualify as newly discovered evidence, the Court finds this argument is not persuasive. The declaration and affidavits were submitted with Defendant's response to Plaintiff's objections prior to this Court's Order. (ECF No. 23; ECF No. 28.) This Court reviewed de novo those portions of the F & R to which objections were made. (ECF No. 28 at 1.)

Moreover, any *new arguments* provided by Plaintiff do not meet the threshold for reconsideration; a motion for reconsideration is not an opportunity to relitigate a claim. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should

---

[1] Plaintiff argues that the Declaration of Joseph Frueh (ECF No. 23-1) is inadmissible hearsay under Fed. R. Evid 801(c). (ECF No. 29 at 13.) Plaintiff further argues that the affidavits of Defendant Curt Stock (ECF No. 23-2), and Defendant Christine Messer (ECF No. 23-3) were not made under penalty of perjury and are therefore considered hearsay. (ECF No. 29 at 14.) Christine Messer and Curt Stock were terminated from this action on September 14, 2018. (*See* ECF No. 28.) Plaintiff further characterized Defendant's background facts as "incorrect and imprecise." (ECF No. 29 at 15.)

3

have been raised before."); *Rezzonico*, 32 F. Supp. 2d at 1116.

Further, Plaintiff's request that the Court disqualify the magistrate judge from the proceedings due to bias are baseless. Plaintiff does not provide any evidence other than the magistrate judge's adverse rulings, which "alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff fails to offer any new facts or a change in the law warranting revisiting either the denial of injunctive relief or dismissal of Plaintiff's Title VI claim. Thus, the Court denies Plaintiff's request for reconsideration.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 29) be DENIED. Defendant is afforded twenty-one (21) days from the date of this Order to answer the complaint.

Dated: January 2, 2019

Troy L. Nunley
United States District Judge