UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LESKINEN,<br><br>    Plaintiff,<br><br>    v.<br><br>SONNY PERDUE,<br><br>    Defendant. | No. 2:18-cv-0453-TLN-KJN PS<br><br><br>ORDER |

On February 28, 2019, plaintiff filed an opposition to defendant's motion for summary judgment. (ECF Nos. 48, 50.) Plaintiff also filed objections to the court's prior order concerning page limits. (ECF No. 49.) For the reasons discussed below, the court overrules plaintiff's objections, strikes plaintiff's opposition, and provides plaintiff with an additional opportunity to file a compliant opposition to defendant's motion for summary judgment.

As an initial matter, plaintiff objects to the court's prior order denying plaintiff's request to exceed the 20-page limitation set by the assigned district judge's standing order. Having carefully considered plaintiff's objections, the court finds no good cause to reconsider. As such, plaintiff's objections concerning the page limits are OVERRULED. No further requests for reconsideration in that regard will be entertained.

////

Plaintiff's opposition brief exceeds the 20-page limit, and is therefore noncompliant. In its prior order, the court noted that "[a]ny pages of briefing exceeding the 20-page limit will not be considered by the court." (ECF No. 47.) However, that order issued shortly before plaintiff filed her opposition brief. Although that timing was in large part because plaintiff filed her request to exceed the page limit so late, the court nonetheless finds that the interests of justice would be served by allowing plaintiff an opportunity to file a revised brief within the page limit.

Moreover, the length of plaintiff's opposition brief is not the only deficiency in plaintiff's opposition to the motion for summary judgment. Local Rule 260 provides, in part, as follows:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

E.D. Cal. L.R. 260(b). Plaintiff's opposition fails to comply with Local Rule 260 in three primary ways:

(1) Instead of reproducing defendant's statement of undisputed facts, and admitting or denying those facts in accordance with the rule, plaintiff created a master statement of disputed and undisputed facts, using a different merged numbering system. This is confusing and fails to comply with the Local Rule. If plaintiff wishes to offer proposed disputed material facts, such facts must be listed in a separate, concise "statement of disputed facts."

(2) Plaintiff's present statement of disputed and undisputed facts contains a significant amount of legal argument. Plaintiff is advised that both the "statement of undisputed facts" and the "statement of disputed facts" are essentially listings of proposed facts and the evidentiary materials showing that such facts are either undisputed or disputed. The statements shall not include legal argument regarding the import or significance of such facts; such legal argument

2

should appear in the legal brief in support of the opposition.

(3) Plaintiff's present statement of disputed and undisputed facts contains numerous discovery requests. If plaintiff wishes to argue that the motion should be denied based on a need for discovery, her legal briefing shall include argument regarding the specific facts or issues for which discovery is claimed to be necessary under the applicable law.

In light of the above, the court strikes plaintiff's opposition, but provides plaintiff with an additional opportunity to oppose defendant's motion in compliance with Local Rule 260 and the court's page limits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 49) are OVERRULED.
2. The March 28, 2019 hearing is VACATED, subject to potential rescheduling at a later juncture.
3. Plaintiff's opposition (ECF Nos. 48, 50) is STRICKEN.
4. No later than April 9, 2019, plaintiff shall file an opposition that complies with all the requirements of Local Rule 260 and this court's page limits.
5. Any reply brief is due April 23, 2019.
6. Upon review of the written briefing, the court may set the motion for oral argument or submit the motion on the record and written briefing pursuant to Local Rule 230(g).

Dated: March 5, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE