UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LESKINEN, | No. 2:18-cv-00453-TLN-KJN |
| Plaintiff, | ORDER |
| v. | |
| SONNY PERDUE, Secretary of the United States Department of Agriculture, | |
| Defendant. | |

On June 21, 2019, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 65.) After being granted an extension (ECF No. 67), Plaintiff timely filed objections to the findings and recommendations, and Defendant responded (ECF Nos. 68, 69); these objections have been considered by the Court.

This Court reviews *de novo* those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the matter on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Plaintiff asserted twelve objections to the magistrate judge's findings and recommendations, all but one concerning her claims for hostile work environment, quid pro quo sexual harassment, and retaliation.[1]  (ECF No. 68.)  The Court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.

The magistrate judge recommended summary judgment on the hostile work environment claim for failure to inform Defendant of her supervisor's alleged conduct until some five–to–six months after it occurred, and for lack of evidence of "severe" or "extreme" conduct.  (ECF No. 65 at 16–18.)  Summary judgment was also recommended on Plaintiff's quid-pro-quo sexual harassment claim for failure to present evidence of a connection between her supervisor's actions and Defendant's failure to promote her (and its termination of her).  (ECF No. 65 at 18–19.)  Finally, the magistrate judge recommended summary judgment on the retaliation claim, given that Plaintiff's attempts to secure promotion is not a protected activity under the law, and given Defendant offered a non–pretextual reason for why it terminated her — because she did not maintain her course load under the internship guidelines.  (ECF No. 65 at 19–23.)  Against that backdrop, Plaintiff raises twelve objections.  She characterizes the first seven objections as "omissions of evidence [and] misstatement[s] of testimony," the eighth objection as a failure of the magistrate judge to rule on an ancillary motion, and the last four as omissions of facts regarding post–termination occurrences.  (*See* ECF No. 68.)

Plaintiff's first two objections concern her assertions that she obtained a "pre–employment agreement" with Defendant.  Her fourth objection concerns the omission by the magistrate judge of a conversation Plaintiff had with a co–worker about her prospects for promotion.  Her sixth and seventh objections take issue with the magistrate judge's characterization of Plaintiff's conversations with the office manager and regional director (and ancillary conduct of her supervisor and a co–worker) concerning the internship requirements and Plaintiff's termination.

---

[1] The magistrate judge also resolved several ancillary motions brought by Plaintiff in the findings and recommendations.  (*See* ECF No. 65 at 4–13.)  Plaintiff's eighth objection concerns the magistrate judge's ruling on one of those motions.  To the extent Plaintiff failed to respond to the magistrate judge's ruling on the other ancillary motions (*see* ECF No. 68.), the Court assumes the correctness of the findings, finds the applicable law supports the recommendations, and adopts the findings and recommendations in full.  *See Orand*, 602 F.2d at 208.

These objections appear to apply to the magistrate judge's recommendations concerning Plaintiff's retaliation claim. In brief, the magistrate judge found Plaintiff had presented a prima facie case of retaliation, but that Defendant has proffered a legitimate, non–discriminatory reason for her termination — her failure to maintain the requisite number of classes under the internship agreement. (ECF No. 65 at 20–21.) The magistrate judge found evidence that Defendant was investigating her course load in the month before her termination, as well as evidence that the office manager confirmed Plaintiff's drop in her course load via email just prior to Plaintiff's termination. The magistrate judge then examined Plaintiff's claim that this rationale was pretextual and found that the bulk of Plaintiff's evidence concerned her conversations with an H.R. specialist in Washington D.C., but otherwise found no other evidence of pretext. The magistrate judge considered Plaintiff's assertions of a "pre–employment contract," but found them to be conclusory, and belied by the documentary evidence in the record — as discussed by the magistrate judge in footnote 5. (ECF No. 65 at 19.); *see Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1167 (9th Cir. 2002) (holding that summary judgment may not rely on a party's "conclusory statement [regarding] a genuine issue of material fact, without evidentiary support"). The magistrate judge thus recommended summary judgment on this claim under the framework set forth in *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 352 (2013). The magistrate judge's findings and recommendations were proper, and so these objections are overruled.

Plaintiff's third and fifth objections appear to relate to her claim of hostile work environment. However, the findings and recommendations cite to multiple paragraphs of her declaration concerning her direct supervisor's conduct and Plaintiff's proffered corrections do not alter the analysis. *Cf. Freitag v. Ayers*, 468 F.3d 528, 540 (9th Cir. 2006) (finding severe conduct where "Freitag witnessed inmates masturbating in an exhibitionist manner, oftentimes while they directed verbal taunts and crude remarks at her."); *with Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 419 (9th Cir. 2013) (finding no hostile work environment where a supervisor referred to the plaintiff's duties as "girly work," and a co-worker commented on another woman's breasts, asked whether women "got off" when they used tampons, said "women

were lucky because [they] got to have multiple orgasms," and repeatedly told the plaintiff she should wear a French maid's costume). Further, Plaintiff's conversations with her daughter do not change the requirement to inform Defendant of the harassing behavior. Reporting it to her office manager after she dropped below full time would not have given Defendant time to correct the behavior as to Plaintiff. *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1017 (9th Cir. 2018) ("[T]he DOE may be held to account for the students' actions only if, after learning of the harassment, it failed to take prompt corrective measures that were reasonably calculated to end the harassment."); *Freitag*, 468 F.3d at 539. Further, to the extent these objections relate to the magistrate judge's findings and recommendation on Plaintiff's quid–pro–quo claim, the evidence Plaintiff points to does not alter the analysis — that Plaintiff had no evidence to show a connection between her supervisor's conduct and Defendant's failure to promote (and its termination of Plaintiff). Thus, these objections are overruled.

Plaintiff's eighth objection concerns the magistrate judge's analysis of her objection to the declaration of attorney Joseph Freuh. Plaintiff argues that the magistrate judge failed to rule on her objection. However, it is clear from the findings and recommendations that the magistrate judge considered her objection, overruled it, and assigned the information contained therein the proper weight — which was none at all. (*See* ECF No. 65 at 8–9.) Accordingly, this objection is overruled.

Plaintiff's last four objections concern the magistrate judge's omission of evidence regarding actions taken after her termination in December 2016. Plaintiff refers to (a) a conversation between the office manager and an attorney with the USDA; (b) a co–worker's knowledge of the supervisor's inappropriate behavior; (c) the EEO investigator's failure to inquire about whether the supervisor sexually harassed a male intern who worked with Plaintiff; and (d) information contained in a letter sent to Plaintiff from the USDA's employment complaint division that Plaintiff argues is incorrect. (ECF No. 68 at 11–15.) However, this information is not relevant to Plaintiff's claims, as described in her Complaint and as analyzed by the magistrate judge in the findings and recommendations. Thus, Plaintiff's objections are overruled.

Finally, Plaintiff asserts in her filing that a "question of breach of contract in Plaintiff's

pre–employment agreement is one for the jury to decide." (See ECF No. 68 at 16–17.) The Court notes that Plaintiff has not raised a breach of contract claim. (See ECF No. 1.) To the exent Plaintiff objects to the magistrate judge's findings on this ground, her objection is overruled.

For these reasons, the Court concludes that it is appropriate to adopt the findings and recommendations. Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 65) are ADOPTED in full;
2. Defendant's motion for summary judgment (ECF No. 40) is GRANTED;
3. Judgment is entered for Defendant; and
4. The Clerk of Court is directed to close this case.

Date: August 26, 2019

Troy L. Nunley
United States District Judge