UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LESKINEN, | No. 2:18-cv-453-TLN-KJN PS |
| Plaintiff, | ORDER |
| v. | |
| SONNY PERDUE, Secretary of the United States Department of Agriculture, | |
| Defendant. | |

On August 26, 2019, the district court adopted the findings and recommendations issued by the undersigned, recommending that the United States' motion for summary judgment be granted. (ECF No. 70.) The district court also entered judgment this day. (ECF No. 71.) On September 30, 2019, Plaintiff filed a motion for extension of time to file her notice of appeal. (ECF No. 72.) Therein, Plaintiff cited to Rule 4,[1] arguing that because a United States agency is a party, she has 60 days post–judgment to file her notice of appeal. (Id., citing FRAP 4(a)(1)(B).) Plaintiff also argues that Rule 4(a)(5)(A) allows for an additional 30 days if timely requested and if she demonstrates good cause. Plaintiff, proceeding pro se, states she requires more time to finance and find an attorney for her appeal. (ECF No. 72.)

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Appellate Procedure, unless otherwise noted.

1

Rule 4(a) (1)(A) provides that, generally, in a civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, "if one of the parties is . . . a United States agency," then the notice of appeal "may be filed by any party within 60 days . . . ." <u>Waldron, Tr. for Venture Fin. Grp., Inc. v. Fed. Deposit Ins. Corp.</u>, 935 F.3d 844, 847 (9th Cir. 2019) (citing Rule 4(a)(1)(B)(ii)); <u>United States v. Vaccaro</u>, 51 F.3d 189, 191 (9th Cir. 1995); <u>see</u> also Wright and Miller, 16A Fed. Prac. & Proc. Juris. § 3950.2 (5th ed.) ("It is important to note that it is not only the United States, or its officer, employee, or agency that gets the benefit of the extended time. If one of the specified types of federal entities is a party to the case, 'any party' may file a notice of appeal within 60 days of the date of entry."). The district court may extend the time to file a notice of appeal if made no later than 30 days after the expiration of time, and if the party shows "excusable neglect or good cause." Rule 4(a)(5)(A)(i–ii); <u>see</u> also Comment to 2002 Amendments to Rule 4 ("The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.").

Here, the Court finds Plaintiff has met the good cause requirement, and so her request for an extension of time should be granted. <u>See</u>, e.g., <u>Griffin v. George B. Buck Consulting Actuaries, Inc.</u>, 573 F. Supp. 1134, 1136 (S.D.N.Y. 1983) (finding good cause to extend time to appeal where the appealing party proceeded pro se post–judgment). Plaintiff is notified that under the Appellate Rules, no further extensions may be granted. Rule 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time . . . .").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 72) is GRANTED; and
2. Plaintiff shall have until November 25, 2019 to file her notice of appeal.

IT IS SO ORDERED.

Dated: October 7, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE